# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHERRI NICOLE BARTON,**
       **Petitioner,**

v.                                       Civil Action No. 3:19-CV-103
                                                          (GROH)

**WARDEN ENTZEL,**
       **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On June 17, 2019, Petitioner, then an inmate at the Secure Female Facility Hazelton ("SFFH"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] ECF Numbers cited herein refer to Case No. 3:19-CV-103, unless otherwise noted.

## II. PROCEDURAL HISTORY

### A. Petitioner's Conviction and Sentence[2]

On June 24, 2015, in the Eastern District of Missouri, Petitioner was charged in a five-count indictment with various financial crimes, including aggravated identity theft, and unauthorized use of an access device to defraud, in violation of 18 U.S.C. §§ 2, 1028A, 1029(a)(2) and (b)(1), 1341, 1342, 1343. ECF No. 2. On January 28, 2016, Petitioner entered a guilty plea to Counts 1, 3, 4 and 5 of the Indictment pursuant to a written plea agreement. ECF Nos. 37, 38. Petitioner was sentenced on May 19, 2016, to imprisonment for a total term of 57 months, comprised of 24 months on Count 1, which sentence was to be served consecutively to a term of 33 months for Counts 3 through 5, with the sentences for Counts 3 through 5 to be served concurrently with one another. ECF No. 59 at 2. Further, the Court ordered that the imprisonment term imposed in the instant offense "run consecutive[ly] to any sentence imposed in [the] Circuit Court, St. Louis, Missouri, under Docket Number 1222-CR05559-01." Id.

### B. Petitioner's Direct Appeal

A review of the docket and PACER reveals that Petitioner did not file an appeal.

---

[2] Unless otherwise noted, the facts in sections II.A., II.B., and II.C. refer to the docket in Petitioner's criminal case, docket number 4:15-CR-293 in the Eastern District of Missouri, available on PACER. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**C.     Motions to Vacate, Appeals Thereof, and Other Motions for Relief**

A review of the docket and PACER reveals that Petitioner did not file a motion pursuant to § 2255.

**D.     Instant § 2241 Petition**

The petition itself fails to specifically articulate grounds for relief, instead directing the court to "see attachment Exhibit I, II, III, IV". ECF No. 1 at 5.  The petition does include a request for relief that Petitioner be granted "an order to compel the B.O.P. to place me back in a R[esidential] R[e-entry] C[enter] facility or alternatively on home confinement for the remainder of [her] sentence. Id. at 8.  In the attachment to her petition, Petitioner argued that her prior Residential Re-entry Center ("RRC") placement was revoked because she stayed out of her residence overnight to care for her minor child, and that in similar circumstances another prisoner was re-admitted to a RRC placement despite three violations of supervision.  ECF No. 1-1 at 2 – 3, citing United States v. Hopkins, 729 Fed. Appx 486 (8th Cir. 2018).

On July 8, 2019, Respondent filed a motion to dismiss or, in the alternative, for summary judgment and a memo in support thereof. ECF Nos. 9, 10.  Respondent argued that Petitioner should be denied relief because: (1) she failed to exhaust available administrative remedies; (2) a request for RRC placement or home confinement is not

3

subject to judicial review; and (3) a petitioner has no constitutional interest in RRC or home confinement placement, nor has BOP acted outside the scope of its authority.

On August 2, 2019, Petitioner filed a response to the motion to dismiss, or in the alternative, for summary judgment. ECF No. 13.

### III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### IV. ANALYSIS

Petitioner, federal inmate number 42998-044, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) [sh]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the BOP Inmate Locator service,[3] Petitioner was released from BOP custody on October 2, 2019.

---

[3] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94–95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>See also</u> <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this Court lacks jurisdiction, this court cannot entertain the petition.

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

It is further recommended that Respondent's motion to dismiss, or in the alternative, for summary judgment [ECF No. 9] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as Hazelton Secure Female Facility, the Clerk of the Court is DIRECTED to retain a copy of this Order for Petitioner in the event that he provides a mailing address at some future date.  The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     October 7, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE